## DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

CARMEN PONCE,

                              **Plaintiff,**          **2005-CV-0115**

    **v.**

**FOOTLOCKER RETAIL, INC., d/b/a CHAMPS SPORTS,**

                              **Defendant.**

TO:   Lee J. Rohn, Esq.
      Sharmane Davis-Brathwaite, Esq.


### ORDER REGARDING PLAINTIFF'S MOTIONS TO COMPEL

THIS MATTER came before the Court upon the parties' Joint Stipulation Regarding Plaintiff's Motion to Compel Defendant For Complete Responses to Discovery (Docket No. 28),[1] Joint Stipulation Regarding Plaintiff's Motion to Compel Defendant For Complete Responses to Discovery (Docket Nos. 32, 33),[2] and Joint Stipulation Regarding Plaintiff's Motion to Compel Defendant For More Complete Supplemental Responses to Interrogatories (Docket No. 38).

---

1. This document appears to be the same as Docket Nos. 32 and 33 except that Defendant's portion of the stipulation is absent.

2. Docket Nos. 32 and 33 are identical except for the fact that Docket No. 33 has a two (2)-page Notice to the Court attached preceding the joint stipulation.

*Ponce v. Footlocker Retail, Inc.*
2005-CV-0115
Order Regarding Plaintiff's Motions to Compel
Page 2

In view of the later, fully executed joint stipulations, the Court finds the Joint Stipulation Regarding Plaintiff's Motion to Compel Defendant For More Complete Responses to Discovery (Docket No. 28), filed August 30, 2006, moot.

With regard to the Joint Stipulation Regarding Plaintiff's Motion to Compel Defendant For Complete Responses to Discovery (Docket Nos. 32, 33), the Court makes the following findings:

Interrogatory No. 3:    Defendant stated that additional time was needed for new counsel to supplement this request. The record is void of any notice of supplementation filed after the filing of the said joint stipulation. Consequently, the Court will order Defendant to supplement its response with the names and addresses of the store managers.

Interrogatory No. 7:    Defendant stated that additional time was needed for new counsel to supplement this request. The record is void of any notice of supplementation filed after the filing of the said joint stipulation. Consequently, the Court will order Defendant to supplement its response with the last known addresses of Joan Puponne and Carlos Sanchez.

*Ponce v. Footlocker Retail, Inc.*
2005-CV-0115
Order Regarding Plaintiff's Motions to Compel
Page 3

**Interrogatory No. 16:**     Defendant stated that additional time was needed for new counsel to supplement this request. The record is void of any notice of supplementation filed after the filing of the said joint stipulation. Consequently, the Court will order Defendant to supplement its response regarding any failure to investigate complaints, criticisms, etc. with regard to Plaintiff's employment.

**Interrogatory No. 21:**     Defendant stated that additional time was needed for new counsel to supplement this request. The record is void of any notice of supplementation filed after the filing of the said joint stipulation. Consequently, the Court will order Defendant to supplement its response with information answering subparagraphs a-i for Dawn Moses and Reuben Hernandez.

**Interrogatory No. 22:**     Defendant stated that additional time was needed for new counsel to supplement this request. The record is void of any notice of supplementation filed after the filing of the said joint stipulation. Consequently, the Court will order Defendant to supplement its response with the identity of persons present at

*Ponce v. Footlocker Retail, Inc.*
2005-CV-0115
Order Regarding Plaintiff's Motions to Compel
Page 4

the staff meeting held by Pedro Fuentes on June 13, 2000, and the identity of employees with whom Pedro Fuentes had general communications regarding Plaintiff's job performance.

Demand For Production No. 6:    Defendant stated that additional time was needed for new counsel to supplement this request.  The record is void of any notice of supplementation filed after the filing of the said joint stipulation.  Consequently, the Court will order Defendant to supplement its response with any responsive documents, subject to a confidentiality agreement.  In addition, the Court will limit the scope of the documents at issue to those documents related to the employees' job duties and responsibilities and/or performance of those duties and responsibilities.

Demand For Production No. 7:    Defendant stated that additional time was needed for new counsel to supplement this request.  The record is void of any notice of supplementation filed after the filing of the said joint stipulation.  Consequently, the

*Ponce v. Footlocker Retail, Inc.*
2005-CV-0115
Order Regarding Plaintiff's Motions to Compel
Page 5

Court will order Defendant to supplement its response with the personnel file of Pedro Fuentes.

Demand For Production Nos. 10 and 15:    Defendant stated that additional time was needed for new counsel to supplement this request. The record is void of any notice of supplementation filed after the filing of the said joint stipulation. Consequently, the Court will order Defendant to supplement its response with responsive documents. However the Court will limit the period to January 2000 through December 2003.

With regard to the Joint Stipulation Regarding Plaintiff's Motion to Compel Defendant For More Complete Supplemental Responses to Interrogatories (Docket No. 38), the Court makes the following findings:

Interrogatory No. 2:    Defendant shall supplement with more detailed information regarding the relationship between Champs Sports and Footlocker, Inc.

*Ponce v. Footlocker Retail, Inc.*
2005-CV-0115
Order Regarding Plaintiff's Motions to Compel
Page 6

Interrogatory No. 5:      Defendant's supplemental response, as set forth in the stipulation, is adequate.   No further supplementation is required.

Interrogatory No. 6:      Defendant's response, as supplemented, is adequate. No further supplementation is required.

Interrogatory No. 8:      Defendant's response, as supplements, is adequate.  No further supplementation is required.

Interrogatory No. 14:     Defendant's response, as supplemented, is adequate.  No further supplementation is required.

Accordingly, it is now hereby **ORDERED**:

1.      Plaintiff's Motion to Compel Defendant For More Complete Responses to Discovery (Docket No. 28), filed August 30, 2006, is **DENIED AS MOOT**.

2.      Plaintiff's Motion to Compel Defendant For Complete Responses to Discovery (Docket Nos. 32, 33) is **GRANTED**.

3.      Defendant shall supplement within ten (10) days from the date of entry of this order, its responses to Interrogatory Nos. 3, 7, 16, 21, and 22 and Demand For Production Nos. 6-7, 10, and 15, as more fully described hereinabove**.**

*Ponce v. Footlocker Retail, Inc.*
2005-CV-0115
Order Regarding Plaintiff's Motions to Compel
Page 7

4.     Plaintiff's Motion to Compel Defendant For More Complete Supplemental Responses to Interrogatories (Docket No. 38) is **GRANTED IN PART AND DENIED IN PART**.

5.     Defendant shall supplement, within ten (10) days from the date of entry of this order, its response to Interrogatory No. 2, as more fully described hereinabove.

ENTER:

Dated: December 27, 2007                              _____/s/_____
_____          GEORGE W. CANNON, JR.
                                                          U.S. MAGISTRATE JUDGE